Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALAOWEI W. MONIBIDOR, | Case No.: 4:18-cv-167 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, and WORST, FITZGERALD & STOVER, an Idaho professional limited liability company. | **(Jury Trial Demanded)** |
| Defendants. | |

COMES NOW the Plaintiff Alaowei W. Monibidor, by and through his counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and alleges his causes of action against Defendants as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant Worst, Fitzgerald & Stover's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Additionally, Plaintiff requests this Court exercise supplemental

**Complaint - Page  1  of 7**

jurisdiction under 28 U.S.C. § 1367 for a pendent state claim of abuse of process against both Defendants.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Alaowei W. Monibidor is a natural person residing in Madison County, Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant Worst, Fitzgerald & Stover is an Idaho professional limited liability company engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 905 Shoshone Street N, Twin Falls, ID 83301.

4. Worst, Fitzgerald & Stover is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Worst, Fitzgerald & Stover is licensed to do business in Idaho and can be served through its registered agent, Timothy J. Stover, 905 Shoshone Street N, Twin Falls, ID 83301.

6. Defendant Wells Fargo Bank, N.A. is a federal chartered bank with its principal place of business located at Wells Fargo Center, Sixth & Marquette N9305-173, Minneapolis, MN 55479.

7. Wells Fargo Bank is licensed to do business in Idaho and can be served through its registered agent, Corporation Service Company, 12550 W. Explorer Dr., Suite 100, Boise, ID 83713.

8. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## GENERAL ALLEGATIONS

10. Alaowei W. Monibidor opened a bank account and credit card account with Wells Fargo Bank in 2010.

11. Due to financial difficulties, Mr. Monibidor stopped making the minimum monthly payments on his Wells Fargo Bank credit card around August 2016.

12. On January 3, 2017, Worst, Fitzgerald & Stover filed a complaint against Mr. Monibidor on behalf of Wells Fargo Bank.

13. That complaint was filed under Madison County Case No. CV-2017-001.

14. Worst, Fitzgerald & Stover functions as an agent of Wells Fargo Bank.

15. In that complaint, Wells Fargo Bank alleged Mr. Monibidor was in breach of his contract with Wells Fargo Bank and owed $5,661.59.

16. The complaint also asked for attorney fees in the amount of $925.00.

17. The summons Worst, Fitzgerald & Stover and Wells Fargo Bank drafted for the Court to issue identified Mr. Monibidor's address as 490 Pioneer Rd, Apt. 5204, Rexburg, ID 83440.

18. On January 24, 2017, the Madison County Sheriff's Office served Mr. Monibidor through his wife, at 490 Pioneer Rd, Apt. 5204, Rexburg, ID 83440.

19. On February 7, 2017, Mr. Monibidor filed a pro se answer which explained that Wells Fargo Bank had revoked his ability to access his account online and therefore he could not make payments.

20. In the answer, Mr. Monibidor listed his address as 490 Pioneer Rd, Apt. 5204, Rexburg, ID 83440 and included a current phone number.

21. On March 10, Worst, Fitzgerald & Stover sent discovery requests to Mr. Monibidor at 490 Pioneer Rd, Apt. 5204, Rexburg, ID 83440.

22. On September 28, 2017, Worst, Fitzgerald & Stover sent a motion for summary judgment, memorandum in support of motion for summary judgment, affidavit in support of motion for

summary judgment, and notice of hearing to Mr. Monibidor c/o National Debt Relief, 11 Broadway, Suite #1600, New York, NY 10004.

23. National Debt Relief did not pass along a copy of the filings to Mr. Monibidor.

24. That is because National Debt Relief was not working on Mr. Monibidor's behalf at the time the summary judgment package was sent to New York.

25. Mr. Monibidor enrolled with National Debt Relief on July 1, 2016 and terminated his relationship with that company on October 6, 2016.

26. Mr. Monibidor consented to Wells Fargo Bank communicating with National Debt Relief for purposes of settling his account.

27. He did not consent to Wells Fargo Bank sending summary judgment documents to National Debt Relief a year after he terminated his relationship with National Debt Relief.

28. Upon information and belief, National Debt Relief typically notifies creditors when it is no longer working for an individual.

29. Mr. Monibidor was unable to respond to the motion for summary judgment as he never had any notice that it had been filed.

30. Worst, Fitzgerald & Stover and Wells Fargo Bank also had the judgment sent to National Debt Relief, rather than to Mr. Monibidor.

31. On November 28, 2017, Wells Fargo Bank and its attorneys obtained judgment in the amount of $6,797.59, which included attorney fees and costs.

32. Mr. Monibidor had no notice a judgment had been entered until months later when he retained counsel, who discovery the judgment entry on the repository.

33. On December 20, 2017, Wells Fargo Bank and its attorneys obtained an amended judgment in the amount of $7,933.59, which included the same amount of attorney fees and costs added in twice.

34. Three weeks after being contacted by Mr. Monibidor's newly obtained counsel, Ryan A. Ballard of Ballard Law, PLLC, Worst, Fitzgerald & Stover and Wells Fargo Bank filed a motion admitting they had double dipped on attorney fees and costs and seeking a second amended judgment to correct the misrepresentation.

35. The alleged debt was primarily for personal, family, or household purposes, bringing Defendants' collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

## COUNT I: VIOLATION OF FDCPA – 1692f

36. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

37. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

38. "[T]he FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors." *Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1171 (9th Cir.2006).

39. It prohibits, and imposes strict liability and both statutory and actual damages for, a wide range of abusive and unfair practices. *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1030 (9th Cir.2010)

40. 15 U.S.C. § 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. It is unfair and unconscionable that Worst, Fitzgerald & Stover would prevent Mr. Monibidor

from being able to respond to the motion for summary judgment by not giving him proper notice of the filing.

42. It is unfair and unconscionable that Worst, Fitzgerald & Stover would double dip on attorney fees and costs, only seeking the correct judgment amount after Mr. Monibidor obtained legal representation.

43. Mr. Monibidor is entitled to statutory and actual damages due to Worst, Fitzgerald & Stover's violations.

## COUNT II: VIOLATION OF FDCPA – 1692e

44. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

45. 15 U.S.C. § 1692e prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt."

46. It was deceptive and misleading for Worst, Fitzgerald & Stover to send the motion for summary judgment and supporting documents, as well as the judgment, to an address where they were aware Mr. Monibidor did not reside and would not receive notice.

47. It was deceptive and misleading for Worst, Fitzgerald & Stover obtain judgment for the same attorney fees and costs twice, only seeking the correct judgment amount after Mr. Monibidor obtained legal representation.

48. Mr. Monibidor is entitled to statutory and actual damages due to Worst, Fitzgerald & Stover's violations.

## COUNT III: ABUSE OF PROCESS

49. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

50. Wells Fargo Bank and Worst, Fitzgerald & Stover took a willful act to use the legal process by sending a motion for summary judgment and supporting documents to an address where Mr.

Monibidor did not reside and would not receive notice of the filings.

51. Sending the filings to the wrong address was improper as it prevented Mr. Monibidor from being able to oppose the motion for summary judgment.

52. Wells Fargo Bank and Worst, Fitzgerald & Stover took a willful act to use the legal process by obtaining judgment which included the same attorney fees and costs twice.

53. Double dipping on attorney fees and costs was improper.

54. Such actions constitute an ulterior, improper purpose in utilizing the litigation process.

55. Mr. Monibidor is entitled to actual and punitive damages due to Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1),

B. Statutory damages up to $1,000.00 per Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A),

C. Leave to seek an amendment to the complaint at a later date to seek punitive damages pursuant to I.C. § 6-1604,

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3),

E. In the event of default judgment, for attorney fees in the amount of $2,000.00,

F. For Court costs; and

G. For such other and further relief as may be just and proper.

DATED: April 17, 2018.

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC